IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-3176-D

JAMEL TYREE LUNSFORD,           )
                                )
            Plaintiff,          )
                                )
      v.                        )           **ORDER**
                                )
WARDEN JACOB, et al.,           )
                                )
            Defendants.         )

On June 8, 2023, Jamel Tyree Lunsford ("Lunsford" or "plaintiff"), a state inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) [D.E. 1, 5, 9]. Lunsford moves to amend his complaint to add a claim concerning unsanitary cell conditions at Scotland Correctional Institution [D.E. 10] and to "name serten [sic] defendants that plays a big part in his complaint" [D.E. 4], and he seeks appointment of counsel, a temporary restraining order, and to compel production of medical records [D.E. 4]. The court grants Lunsford's motions to amend and reviews all of Lunsford's filings. As explained below, the court denies the remaining motions and dismisses the action.

I.

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a

legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotation omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Lunsford is incarcerated at Foothills Correctional Institution. See [D.E. 11]. Lunsford's allegations arose at three different prisons and an outside hospital, where he vaguely describes issues with his medical care, poisoning, a failure to process grievances he has filed, a failure to protect him from a second assault by an inmate who had previously stabbed him, and an unsanitary cell. See [D.E. 1]; [D.E. 4]; [D.E. 10]. Lunsford names as defendants numerous prison staff including wardens and grievance examiners, the Secretary of the Department of Adult Corrections, the Executive Director of the Inmate Grievance Resolution Board, the United States Marshal Service for the Middle District of North Carolina, the judge who presided over his federal criminal case,[1]

---

[1] On January 31, 2023, pursuant to a plea agreement, Lunsford pleaded guilty in the Middle District of North Carolina before the Honorable Catherine Eagles to two counts of interference with commerce by robbery by brandishing a firearm in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2, and one count of interference with commerce by threat or violence in violation of 18 U.S.C. §§ 1951(a) and 2. See Plea Agmt., United States v. Lunsford, No. 1:21-CR-00356 (M.D.N.C. Jan. 31, 2023), [D.E. 97]. On June 1, 2023, the court sentenced Lunsford to 201 months' imprisonment,

unspecified "medical staffs" at unspecified prisons, and Scotland Memorial Hospital and its unspecified "screening nurses or doctors[.]" See [D.E. 1] 2–7; [D.E. 4] 4. Without further elaboration, Lunsford alleges that "each one of these defendants knows of the misconduct and refuses to take proper actions[.]" [D.E. 1] 8. Lunsford seeks $5 billion, his release from custody, and hospitalization. See id. at 10.

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must plausibly allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Lunsford's complaint fails. Lunsford may not sue the Marshal Service or Judge Eagles under Bivens. See, e.g., Ziglar v. Abbasi, 137 S. Ct. 1843, 1860 (2017); FDIC v. Meyer, 510 U.S. 471, 483–86 (1994); Stump v. Sparkman, 435 U.S. 349, 355–56 (1978); Doe v. Chao, 306 F.3d 170, 184 (4th Cir. 2002), aff'd, 540 U.S. 614 (2004). Lunsford has no constitutional right to participate in the prison grievance process and cannot sue prison staff or officials simply because they were involved in responding to his grievances. See Adams, 40 F.3d at 75; Abdel-Aziz v. Johns, No. 5:07-CT-3095-FL, 2008 WL 4279696, at *3 (E.D.N.C. Sept. 15, 2008) (unpublished). Several of Lunsford's allegations are frivolous because they duplicate a prior action he filed in this court. See Cottle v. Bell, 229 F.3d 1142, 2000 WL 1144623, at *1 (4th Cir. Aug. 14, 2000) (per curiam)

---

running consecutively to his state imprisonment term. See Crim. J., United States v. Lunsford, No. 1:21-CR-00356 (M.D.N.C. Jan. 31, 2023), [D.E. 137].

3

(unpublished table decision); I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551–52 (11th Cir. 1986) (collecting cases); cf. Lunsford v. N.C. Dep't of Corr., No. 5:22-CT-3384, 2023 WL 4144837, at *1 (E.D.N.C. May 24, 2023) (unpublished). Finally, Lunsford's scattershot and conclusory allegations – wholly untethered to any time, place, or named defendant – constitute nothing "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Iqbal, 556 U.S. at 678, and fail to "give [any] defendant fair notice of what the ... claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quotation omitted); see Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002). Thus, Lunsford's complaint violates Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

As for Lunsford's request for appointment of counsel, no right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct., 490 U.S. 296 (1989); see Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. The facts of this case and Lunsford's abilities do not present exceptional circumstances. Accordingly, the court denies the motion.

As for Lunsford's motion for a temporary restraining order, the court has considered the motion under the governing standard. See, e.g., Benisek v. Lamone, 138 S. Ct. 1942, 1943–45 (2018) (per curiam); Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Centro Tepeyac v. Montgomery Cnty., 722 F.3d 184, 188 (4th Cir. 2013) (en banc). Lunsford has not plausibly alleged that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent

injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Thus, the court denies the motion.

As for Lunsford's motion to compel production of medical records, the motion is premature because the court has not issued a scheduling order providing for a period of discovery. Accordingly, the court denies the motion.

II.

In sum, the court DENIES Lunsford's motions for appointment of counsel, a temporary restraining order, and to compel production of medical records [D.E. 4]. The court GRANTS Lunsford's motions to amend [D.E. 4, 10], and DISMISSES the action WITHOUT PREJUDICE for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). The clerk shall close the case.

SO ORDERED. This 29 day of September, 2023.

JAMES C. DEVER III
United States District Judge

5